## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**EMILY MILANO**                                              **CIVIL ACTION: 3:22-cv-308**

**VERSUS**                                                    **JUDGE:**

**MILLENNIAL TRANSPORT SERVICE,**
**NORTHLAND INSURANCE COMPANY,**                              **MAGISTRATE JUDGE:**
**AND CELSO CACERES**

### NOTICE OF REMOVAL

NOW COMES **MILLENNIAL TRANSPORT SERVICE, INC. AND NORTHLAND INSURANCE COMPANY**, who file this Notice of Removal of this cause from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana.  This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based.  Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana and domiciled in Ascension Parish, as alleged in the petition.

4. Millennial Transport Service, Inc. is a foreign corporation, incorporated in the State of Texas, and whose domicile and principal place of business is declared to be 11450 Rojas Drive, Suite D-18, El Paso, TX  79936.

5. Celso Caceres is a citizen of the State of Texas, County of Hidalgo, and whose domicile is declared to be 900 North Broadway Street, Elsa, TX 78543.

6. Northland Insurance Company is a foreign corporation, incorporated in the State of Minnesota with its principal place of business located at 385 Washington Street, St. Paul, Minnesota, and is wholly owned by its parent corporation, The Travelers Companies, Inc. that is incorporated in Connecticut with its principal place of business located at, One Tower Square, Hartford, Connecticut 06183.

7. Upon information and belief, defendant, Millennial Transport, Inc. was served via long arm service on April 25, 2022. Upon information and belief, defendant, Northland Insurance Company was served through the Louisiana Secretary of State on April 22, 2022. Upon information and belief, defendant Celso Caceres has not been served. Long Arm Service has been issued but return information has not been provided. All defendants consent to removal.

8. The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff's counsel has pled in Paragraphs 7 and 8 of the Petition for Damages, that plaintiff, Emily Milano, has suffered serious and disabling injuries, including injuries to her neck, back, knee, general soreness to her entire body and other unnamed injuries. Plaintiff, Emily Milano, claims physical pain and suffering (past, present and future), mental pain, anguish and distress (past, present and future), loss of enjoyment of life (past, present and future), lost wages (past, present and future), disability (past, present and future), impairment of earnings capacity (past, present and future), medical expenses (past, present and future) and other elements of damage.

9. Plaintiff, Emily Milano, is apparently claiming cervical disk herniations and/or aggravation of her degenerative disc disease at C4-5, C5-6 and C6-7. Plaintiff is also claiming lumbar disk herniations and/or aggravation of her degenerative disc disease at L3-4, L4-5 and/or L5-S1 from medical records produced to date. Plaintiff has incurred substantial medical charges likely approaching or exceeding $20,000.00 for MRI imaging, radiology, emergency room visits to Our Lady of the Lake Hospital, ongoing orthopedic care with Dr. Kevin McCarthy at Bone & Joint Clinic of Baton Rouge, and chiropractic care with Dr. Ken Coleman. Plaintiff has had at least one cervical epidural steroid injection and continues to treat with anticipated future pain management procedures and possible spinal surgery, to be determined.

10. Additionally, plaintiff's counsel executed a stipulation stating that the amount in controversy for Emily Milano's claim exceeds $75,000 (*See Exhibit C, Stipulation re Damages*). Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Middle District of Louisiana as the amount in controversy is in excess of $75,000 based on the petition and representations and there is diversity between the parties.

11. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.,*** 376 Fed. App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style

3

    or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." [FN5] *Grant,* 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

12.    Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the petition; but has provided signed stipulation admitting that the amount in controversy is in excess of $75,000.00 to satisfy the jurisdictional requirement herein.

    RESPECTFULLY SUBMITTED:

**MARICLE & ASSOCIATES**

BY: /s/ Janice M. Reeves
**JANICE M. REEVES (#21237)**
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
Telephone:  (225) 924-9584
Facsimile:   (888) 341-8674

4

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via United States Mail, facsimile and/or electronic mail, this 13th day of May, 2022.

                                              BY: /s/ Janice M. Reeves  
                                                      **JANICE M. REEVES**